No. 6909.

THE STATE VS. AUGUSTIN ROBERTSON.

The defendant who is on trial for murder, can not introduce evidence of the quarrelsome, or dangerous character of the deceased, in justification; but he may introduce evidence of such character, in excuse for the killing, or in palliation of the offense, provided he first shows that he was actually attacked by the deceased, and that he was aware of the latter's character.

In an indictment for murder or manslaughter, the character and nature of the wound which caused the death need not be set forth. The indictment need only charge that defendant did *willfully, feloniously, and of his malice aforethought kill and murder the deceased.*

APPEAL from the Fifteenth Judicial District Court, parish of Lafourche. *Beattie, J.*

*H. N. Ogden,* Attorney General, for the State.

*John S. Billin* for the defendant.

The opinion of the court was delivered by

DEBLANC, J. Defendant was indicted, by the grand jury of the parish of Lafourche, for the murder of Octave Roberts. He was tried, found guilty of manslaughter, applied, but in vain, for a new trial and the arrest of the judgment, was sentenced to imprisonment at hard

labor for the space of twenty years and to pay a fine of five dollars and the costs of the prosecution, and he appealed.

No brief has been filed in this case, either in behalf of the defend-ant or of the State.

The record contains but one bill of exception, and we learn—from its recital—that one of the State witnesses was asked by the prisoner's counsel whether the deceased was of a quarrelsome disposition, and he answered that he did not know. The question was reiterated, objected to and overruled by the court, on the ground that the deceased's char-acter for violence could be inquired into only after laying a foundation for the inquiry, by proof of previous threats and causes which—after a first attack—would justify the accused in being in greater than usual fear. In the meanwhile the witness again declared that he knew noth-ing of the deceased's character, and thereafter several witnesses testi-fied on this point without objection.

Though it does not appear that the judge's decision impaired or affected the weight of any evidence offered by the prisoner, it is proper to state that said decision was strictly correct. " As a general rule, evi-dence is not admissible—as a ground of justification, of the character of the deceased; but, on the other hand, if we suppose the offer to be—not justification—but an excuse on the ground of self-defence, or mitiga-tion of the grade of guilt, and—in such a case—it be proved that the defendant was actually attacked, and if evidence should be then ten-dered that the deceased was a man of ferocious temper, of malignant disposition and of overpowering strength; and if in addition it be offered to be proved that the defendant had notice of these characteristics, the better opinion is that such evidence is admissible." Wharton, on Crim-inal Law. Edition of 1874, vol. 1st, No. 641.

The judge's decision is consistent with that rule.

To sustain his motion in arrest of the judgment, the prisoner relies on three grounds:

1. That, when the death is charged to have been occasioned by a wound, the description of the wound should be set forth in the indict-ment.

2. In describing the wound, the term "*mortal*" is indispensable, and that term is not in the indictment.

3. It is not alleged that the party died of the wound so inflicted.

### I. II. III.

" Formerly, as said by this court in State vs. Hornsby, the failure to dot an i, or to cross a t, or something equally absurd, was considered fatal to an indictment. Substance was sacrificed to form, or rather form became substance, and substance mere form. That ancient strict-ness has been banished from the English and the American courts.

State vs. Robertson.

"In any indictment for murder or manslaughter, it shall not be necessary to set forth the manner in which, or the means by which the death was caused. It shall be sufficient in any indictment for murder to charge that the defendant did feloniously, wilfully and of his malice aforethought, kill and murder the deceased."

Rev. St. Sect. 1048.

In this case, after the averments that "Augustin Robertson did cut, stab and wound the said Octave Roberts, the indictment further charges, in the very words of the Statutes, that he—the said Augustin Robertson did—the said Octave Roberts—then and there wilfully, feloniously, and of his malice aforethought, kill and murder.

The life of every inhabitant in the State—high or low, white or black—is under the protection of the State and of its courts, and those who are disposed to attempt or destroy the lives of others, should remember—before it be too late to do so, that—here—no frivolous technicality shall prevail against the verdict of a jury, or reverse any sentence responsive to that verdict.

The judgment of the lower court is affirmed.