

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Julian Montgomery
State Highway Engineer
Austin, Texas

Dear Sir:

Opinion No. O-2050
Re: Construction of the Motor
Vehicle Registration Laws
of this State.

We are in receipt of your letter of March 7,
1940, in which you request an opinion of this department
in answer to ten (10) questions concerning motor vehicle
registration. Your questions will be answered in the order
in which they were presented in your letter.

"1. What constitutes 'ownership' of a motor
vehicle for registration purposes?

"(a) May an agent or employee reg-
ister in the county of the agent's or
employee's residence, motor vehicles
owned by a person or corporation resid-
ing in some other county?"

The Legislature has defined the term "owner" in
Article 6675a-1, Section (L) of Vernon's Annotated Civil
Statutes, as follows:

"(L) 'Owner' means any person who holds
the legal title of a vehicle or who has the
legal right of possession thereof, or the legal
right of control of said vehicle."

The same definition in effect is copied into Arti-
cle 6675a-2 of Vernon's Annotated Civil Statutes. Said Arti-
cle reads, in part, as follows:

". . . for the registration of each such
vehicle owned or controlled by him, . . ."

Your attention is called to the fact that the Legislature has not confined the definition of the term "owner" to the person who has legal title to the motor vehicle. The term has been extended to one who has the legal right of possession or the legal right of control of the motor vehicle. Any person coming within one of such categories may register said motor vehicle.

In answer to your question concerning the right of an agent or employee to register the motor vehicle in the county of said agent's or employee's residence Article 6675a-2 of Vernon's Annotated Civil Statutes, which reads in part as follows, is important:

"Every owner of a motor vehicle, trailer or semi-trailer used or to be used upon the public highways of this State, and each chauffeur, shall apply each year to the State Highway Department through the County Tax Collector of the County in which he resides for the registration of each such vehicle owned or controlled by him. . . ."

If we substitute the legislative definition of the term "owner" in Article 6675a-2, supra, the same would read as follows:

"Every person who holds the legal title of a vehicle or who has the legal right of possession thereof, or the legal right of control of said vehicle shall apply each year to the State Highway Department through the County Tax Collector of the County in which he resides. . ."

It is the opinion of this department, therefore, that a motor vehicle must be registered in the county of the "owners" residence but that the "owner" may be either a person who has legal title, legal possession, or legal control of the motor vehicle.

It is obvious, however, that the Legislature defined the term "owner" as it did only for purposes of allowing registration in the county of residence of either the legal title holder of the person who is in legal possession or control of the motor vehicle. For other purposes in the Act the legal title holder must be considered as owner of the motor vehicle.

"2. What constitutes 'residence' for registration purposes;

"(a) How is it established by an individual?
"(b) By corporations?
"(c) By a partnership?"

In answer to your question concerning the method

Honorable Julian Montgomery, Page 3

of ascertaining the residence for registration purposes of an individual your attention is called to Opinion No. O-1023 of this department written by Assistant Attorney General Morris Hodges and addressed to Honorable E. P. Jennings, County Auditor, Hardin County. Said opinion contains the following discussion of the term "residence" of an individual for registration purposes:

"Article 6675a-2 provides:

"'Every owner of a motor vehicle, trailer or semi-trailer used or to be used upon the public highways of this State, and each chauffeur, shall apply each year to the State Highway Department through the County Tax Collector of the County in which he resides for the registration of each such vehicle owned or controlled by him. . . .'

"The above article fixes situs of registration as the county in which he resides.

"Residence as used in the statutes has been considered as synonymous with domicile. 19 C. J. p. 397.

"In volume 54, p. 706 Corpus Juris, we find the following definition:

"'The best definition is that to be deducted from the Roman Law; that a man's residence is the place where his family dwells or which he makes the chief seat of his affairs and interest. Residence is the favorite term employed in the statutes to express the connection between person and place. The meaning when employed in a statute is often provocative of dispute, often making it difficult to give an exact definition of what is meant by residence as used in particular statutes, for when used in statutes it has different meanings in different connections, and may be used with different meanings in different statutes, and also, it sometimes has different shades of meaning in the statutes and even in the construction. An examination of the authorities discloses that it has received different definitions in various cases, principally involving franchise, taxation, and jurisdiction, as its statutory definition depends upon the legislative purpose as

Honorable Julian Montgomery, Page 4

well as the context of the statute it must be
construed in every case in accordance with the
object and intent of the statute in which it
occurs; hence its meaning is to be determined
from the facts and circumstances taken togeth-
er in each particular case. However, it is
said that when used in the statutes, or actions,
or suits relating to taxation, rights of suffrage,
divorce, limitation of actions, and the like, it
is used in the sense of legal residence, that is
to say, place of domicile or permanent abode,'

"We believe the intention of the Legisla-
ture in the use of the term 'resides' was legal
residence."

You are, therefore, advised that the residence
of an individual for motor vehicle registration purposes
is his legal residence or in other words, his place of
domicile or permanent abode.

In reference to your question concerning the res-
idence of a corporation for purposes of motor vehicle regis-
tration we note that the courts of this State have held
that the residence of a domestic corporation is the county
of the principal place of business. The Dallas Court of
Civil Appeals in the case of Sanders v. Farmers' State Bank
of Mexia, et al, 228 S. W. 635, stated as follows:

". . . A corporation's residence, in legal
contemplation, is the place where it maintains
its office and transacts its business -- its
principal place of business. Its place of resi-
dence is the place where its corporate affairs
are conducted, and we think such place is, and
must be, understood to be and mean its principal
place of business. . . ."

The ruling of the Dallas Court of Civil Appeals
was followed by the Texarkana Court of Civil Appeals in
the case of McCarroll v. Edwards, 22 S. W. (2d) 684. The
Court stated as follows:

"We agree with appellant so far as his con-
tention is that it appeared the residence of the
stage lines was in Dallas County, and that he had
a right to sue it there; for it appeared from re-
citals in the charter granted by the state to
that corporation that its principal office and

Honorable Julian Montgomery, Page 5

place of business was to be maintained in the
city of Dallas, in Dallas county, and from other
evidence that it was actually maintaining an of-
fice and doing business in said city at the time
of the alleged injury to appellant. We think
the evidence specified, uncontradicted as it was,
should have been treated by the trial court as
sufficiently establishing that the residence of
the stage lines was in Dallas county. Trustees
v. City of Lynchburg, 113 Va. 627, 75 S. E. 233;
Steam Shovel Co. v. Wills, (C.C.A.) 212 F. 688,
Id. 240 U. S. 642, S. Ct. 466, 60 L. Ed. 841.
In the case first cited it was held that the re-
cital in a certificate of incorporation that
the corporation's principal office is at a partic-
ular place is conclusive of the fact that it was
at that place."

Therefore, the residence of a domestic corporation
is the situs of its principal place of business in the State.

Lastly, you are concerned with the residence of a
partnership for registration purposes.

The Courts of this State do not recognize a partner-
ship as a legal entity. The Commission of Appeals of Texas,
in the case of Martin v. Hemphill, 237 S. W. 550, stated as
follows:

". . . A partnership, at common law, is not
a legal entity, but only a contractual status.
. . ."

The Commission of Appeals of Texas held that the common law
rule applied in Texas in the case of Allison v. Campbell,
1 S. W. (2d) 866. The Court stated as follows:

". . . A partnership at common law is not
a legal entity but a contractual status. Martin
v. Hemphill (Tex. Com. App.) 237 S. W. 550, 20
A. L. R. 984; Marshall v. Bennett, 214 Ky. 328,
283 S. W. 115; Schumaker on Partnerships (2d Ed.)
p. 2. Texas has no statute regulating general
partnerships, in the absence of which the rules
of common law govern the courts in dealing with
the question of general partnership. . . ."

The Fort Worth Court of Civil Appeals in the case
of Beggs v. Brooker, 79 S. W. (2d) 642, stated as follows:

Honorable Julian Montgomery, Page 6

"A partnership has no legal entity. It exists only as its individual members exists."

In following the idea that a partnership is not a separate legal entity the Federal District Court for the Seventh District of Ohio in the case of E. I. DePont De Nemours Powder Co. v. Jones Bros., 200 Fed. Rep. 638, stated as follows:

"Residence cannot be predicated of a partnership."

The Supreme Court of Ohio in the case of Byers v. Schlupe, 38 N. E. 117, stated as follows:

"A partnership is not, in our judgment, a legal entity, having, as such, a domicile or residence separate and distinct from that of the individuals who constitute it."

The above holding of the Ohio Courts is of necessity the law in this State because said cases are predicated upon the idea that a partnership is not a separate legal entity aside and distinct from the individual partners. Therefore, the residence of the partnership must be considered the same as that of the individuals comprising the partnership.

"3. In what county in Texas must a non-resident (foreign) corporation or individual whose vehicles are operated into or through Texas regularly for compensation be registered?"

Article 827b of the Penal Code, provides in part as follows:

"Sec. 2. A nonresident owner of a motor vehicle trailer or semi-trailer which has been duly registered for the current year in the State or country of which the owner is a resident and in accordance with the laws thereof, may, in lieu of registering such vehicle as otherwise required by law, apply to the State Highway Department through a County Tax Collector for the registration thereof as provided by law. . . ."

Article 827b, Section 1, of the Penal Code, defines a "non-resident" as follows:

"'Non-resident' means every resident of a state or country other than the State of Texas whose sojourn in this State, or whose occupation, or place of abode, or business in this State, if any, covers a total period of not more than one hundred and twenty days in the calendar year."

In your question you state that the non-resident regularly operates into or through Texas. Obviously, you are concerned with the county of registration of an individual or corporation that would not be a "non-resident" as defined above.

The effect of the legislative definition of "non-resident" as quoted above is to make a person or corporation who is a legal resident of another state but operates in Texas for more than one hundred and twenty (120) days a year a "resident" of Texas for registration purposes.

It is the opinion of this department that a foreign corporation which has been made a "resident" of Texas for registration purposes should be treated as other resident or domestic corporations for this purpose and that the county of residence of such a corporation is the county of its principal place of business in this State, in line with our discussion in connection with question 2(b), supra.

In determining the county of residence of a non-resident individual who is made a "resident" of this State for registration purposes under Article 827b, Section 1, supra, the language of said article is important. In defining a "non-resident" it is provided in part as follows:

". . . or whose occupation, or place of abode, or business in this State. . ."

Obviously, in making an individual who is a resident of another state a "resident" of Texas for registration purposes because said individual is in this State more than one hundred and twenty (120) days per year, the Legislature intended to make the place of abode or place of occupation or business of such individual his place of residence for such purposes. You are therefore advised that an individual who falls in the category as discussed is for registration purposes considered a "resident" of the county of the principal place of his business or occupation or his principal place of abode.

Of course the above would be qualified by the rules

Honorable Julian Montgomery, Page 8

heretofore mentioned regarding the registration of the motor
vehicles by persons in legal control or in legal possession
as "owners" under Article 6675a-2, supra. In such a case
the motor vehicles could be registered in the county of res-
idence of either of the "owners" as defined in Article 6675a-
1(L). Also, if the foreign corporation or non-resident in-
dividual has no place of business that would give it a county
of residence in this State as discussed herein but the motor
vehicles are in legal possession or legal control of an agent
or individual who has a county of residence in Texas then in
such case such motor vehicles would have to be registered in
the county of the legal possessor's or legal controller's
residence. It follows of necessity also that if the foreign
corporation or non-resident individual has no "county of res-
idence" in Texas as discussed above and also has no agent or
individual in Texas who is legal possessor or controller of
the motor vehicles, then said individual or corporation may
register the motor vehicles in any county in Texas.

"4. In what county must a domestic corpora-
tion register its motor vehicles?"

Your question No. 4 relates back to our discussion
of your question No. 2(b), supra. You are advised that the
residence of a domestic corporation is the county of its
principal place of business and that the motor vehicles of
a domestic corporation must be registered in said county if
registered by the corporation as "owner". However, the motor
vehicles could be registered in either the legal possessor's
or legal controller's county of residence.

"5. In what county must motor vehicles own-
ed by an individual be registered if the owner
lives in some other county other than the county
in which the principal office of such business
is maintained."

In answer to this question, we call your attention
to the fact that the criteria set up by the Legislature
for the registration of motor vehicles in Article 6675a,
Section 2, supra, is the residence of the owner of the ve-
hicle and not the situs of the principal office of the busi-
ness conducted by such individual. In the case of a cor-
poration, as has been discussed previously, the ascertain-
ment of the principal office of the corporation is only for
purposes of determining residence. However, in a case where
an individual wishes to register his motor vehicles he is
required to register them in the county of his residence
regardless of where he conducts his business, because the

Honorable Julian Montgomery, Page 9

situs of his residence is his legal residence and is not necessarily the place where he conducts his business. This conclusion follows the holding of our Opinion No. O-1950, addressed to you and written by Assistant Attorney General Ross Carlton. In said opinion it was held that the owner of the Alamo Freight Lines must register his motor vehicles in the county of his residence and not in the county in which the principal office of said freight company is maintained. You are, therefore, advised that in the case of an individual the legal residence of said individual is the controlling factor in all cases. As stated by the Amarillo Court of Civil Appeals in the case of Miller v. Foard, supra;

"...

"The omission of the language 'Or in which the vehicle to be registered is being operated' from article 6675a-2, the provision of subdivision d of article 6686 requiring that: 'registration fees shall be paid in the county in which the owner lives,' together with the provision of article 6675a-10 authorizing each county to retain all registration fees collected until the amount for the current year shall have reached the sum of $50,000, said sum to be deposited to the credit of its road and bridge fund, clearly manifests the intention of the Legislature to direct and require such registration fees to be collected by the tax collector of the county in which the owner of the vehicle lives."

The same rule was announced by the Court of Criminal Appeals of Texas in the case of Opp v. State, 94 S. W. (2d) 180. The court stated as follows:

"We think the law requires registration of the car in the county of the residence."

The court further remarked:

"We note that in two cases our Court of Civil Appeals have held that cars may only be registered in the county of the owners' residence. See Miller, et al v. Foard County, 59 S. W. (2d) 277, and Cass County v. Morris County, 9 S. W. (2d) 373."

Honorable Julian Montgomery, Page 10

Of course exception to the above ruling would exist in a case where there is a legal possessor or legal controller of said vehicle in the county where the principal place of business is located, in which case such person could come within the legal definition of the term "owner". Our opinion No. 0-1950, previously sent you would also, of course, be governed by such an exception.

"6. In what county must vehicles owned by a partnership be registered?"

In accordance with our discussion in connection with your question No. 2(c), supra, it is our opinion that a motor vehicle owned by a partnership must be registered in the county of the residence of the partners. If the individual partners reside in two or more counties, we think it proper that the partnership register its motor vehicles in any of the counties of the residence of said partners. However, the same qualification must be made here concerning who may register the cars as "owner" as has been discussed in connection with questions Nos. 4 and 5.

"7. Does the registration law authorize registration of a passenger car as a 'farm vehicle' at the reduced fee?"

Article 6675a-6a, Vernon's Annotated Civil Statutes, provides as follows:

"When a commercial motor vehicle sought to be registered and used by the owner thereof only in the transportation of his own poultry, dairy, livestock, and farm products to market, or to other points for sale or processing, or the transportation by the owner thereof of laborers from their place of residence, and materials, tools, equipment and supplies, without charge, from the place of purchase or storage, to his own farm or ranch, exclusively for his own use or use on such farm the registration license fee, for the weight classifications herein mentioned, shall be fifty per cent (50%) of the registration fee prescribed for weight classifications in Section 6 (art. 6675a-6), of the Act hereby amended; provided further, that it shall be the duty of the Highway Commission to provide license plates of difference in color or size, so as to distinguish them from license plates used for other commercial motor vehicles using the highways; provided further, if the

owner of any commercial motor vehicle, coming within the provisions of this Act, shall use or permit to be used any such vehicle for any other purpose than those provided for in this Act, he shall be guilty of a misdemeanor, and upon conviction, shall be fined in any sum not less than Twenty-five Dollars ($25.00) nor more than Two Hundred Dollars ($200.00), and each use of such vehicle and each permission for such use of such vehicle shall constitute a separate offense; provided, however, that all commercial motor vehicles, truck-tractors, road tractors, trailers, and semitrailers as defined in Section 1 (art. 6675a-1), of Chapter 23, of the General Laws of the Fifth Called Session of the Forty-first Legislature, not coming within the provisions of this Act shall be required to pay all registration and license fees prescribed by the other provisions of Chapter 88 (arts. 6675a-1 et seq.), General Laws, Forty-first Legislature, Second Called Session. (Acts 1929, 41st Leg., 2nd C. S., p. 172, Ch. 88 § 6a, as added Acts 1933, 43rd Leg., 1st C. S., p. 82, ch. 27 § 1, as amended Acts 1934, 43rd Leg., 3rd C. S., p. 75, Ch. 36, § 1.)"

Your attention is called to the fact that the above quoted article may apply to any type of "commercial vehicle" which is used for the purposes prescribed in said section. The term "commercial motor vehicle" is defined by the Legislature in Article 6675a-1, Section 1, Vernon's Annotated Civil Statutes, as follows:

"'Commercial motor vehicle' means any motor vehicle other than a motor cycle designed or used for the transportation of property, including every vehicle used for delivery purposes."

Unquestionably the above definition of "commercial motor vehicle" is sufficiently broad to include an automobile built for passenger purposes if used as a "commercial motor vehicle". Therefore, if such a car complies with the provisions of Article 6675a-6a, supra, the owner of said car would be eligible to receive a license under the reduced rate provided therein.

"8. Is the county tax collector, under the registration law, authorized to accept county scrip or other medium of exchange other than money, in payment of registration fees?"

Honorable Julian Montgomery, Page 12

This department ruled in Opinion No. 0-774, written by Assistant Attorney General Glenn R. Lewis, to Honorable Charles McMillan, County Attorney, San Augustine, Texas, that county scrip could not be accepted in the payment of taxes unless the county tax collector was specifically authorized to accept the same. Said opinion reads, in part, as follows:

"'The general rule is that the tax collector must accept money only unless the statute permits him to receive something different. Money is always understood in the tax laws when nothing else is mentioned. Cooley on Taxation, 4th Ed., Section 1252.

"'In R. C. L., Volume 26, Section 337, is found the following language:

"'"It is well settled that no right exists in law or equity to set off against taxes a debt of equal amount due to the taxpayer from the municipality to which the tax is payable. Taxes are levied to raise money for specified purposes, as indicated by the appropriations of the current year, and a taxpayer cannot, by exercising the right of set-off, divert the taxes to another purpose, namely the payment of the debt due to him."

"'To the same effect is the following language from 61 C. J. 963:

"'" The Legislature has power to prescribe the kind of funds in which taxes shall be payable, and may declare that only gold and silver coin shall be receivable for this purpose. But in the absence of such a restriction, taxes may be paid in any lawful current money, although the collector has no authority to accept anything else, unless specially allowed by law."'

"In the case of Dallas Joint Stock Land Bank vs. Ellis County Levee Improvement District No. 3, 55 S. W. (2) 227, the improvement district sued the Joint Stock Land Bank for delinquent taxes. The latter attempted to set off certain past due bonds issued by the improvement district and which were owned by the bank. The court held that such set-off could not be had. We quote from the opinion as follows:

Honorable Julian Montgomery, Page 13

> "'The general rule of law is that a claim
> against the state or municipality cannot be set
> off against a tax demand. Cooley on Taxation
> (2d Ed.) 17. A tax is not a debt in the usual
> and ordinary sense of the word. City of New
> Orleans vs. Davidson, 30 La. Ann. 541, 31 Am.
> Rep. 228; Cooley on Taxation (2d Ed.) 15.

> "'" The general rule, based on grounds of
> public policy, is well settled that no set-off
> is admissible against demands for taxes levied
> for general or local governmental purposes." 24
> R. C.L., p. 817.

> "' In 57 C. J., at page 381, the rule is
> stated as follows: "In an action for taxes set-
> off of an indebtedness of the state or munici-
> pality to the tax debtor will not be allowed,
> the statutes of set-off being construed in the
> light of public policy as not allowing the rem-
> edy in proceedings for this purpose, unless
> expressly authorized by statute." Numerous
> authorities are cited in support of the text'."

While there are statutes in effect which allow the
acceptance by the county tax collector of certain types of
scrip in payment of county taxes, said statutes do not apply
to motor vehicle registration fees since the same are not
taxes. In this connection the Austin Court of Civil Appeals
in the case of Atkins v. State Highway Department, 201 S.W.
226, stated as follows:

> "We therefore conclude that the sum of
> money which appellant is required to pay under
> the laws here involved is not a tax on owner-
> ship, but a license fee for the privilege of
> operating his automobile on the public high-
> ways of the State, and that the fees as pre-
> scribed in said laws to be paid for such pri-
> vilege are not excessive and unreasonable."

Hence the statutes authorizing the use of scrip in certain
instances for the payment of "taxes" would not authorize the
use of such scrip in the payment of automobile license fee.

We are of the opinion, however, that the same
reasons which forbid the use of anything other than money
in the payment of taxes unless specifically authorized
would likewise forbid the use of anything except money in

payment of automobile license. There being no statute authorizing the use of scrip in the payment of automobile license fees, it is therefore our opinion that the same cannot be done. The registration statutes clearly contemplate uniformity in license fees paid and that the same be paid in legal tender. You are, therefore, advised that the county tax collector is unauthorized to accept scrip or other medium of exchange other than money in the payment of license fees.

"9. What, if any, is the authority of the Highway Department to determine disputed classifications of vehicles and other questions involving construction of the registration laws which arise from time to time?"

Article 6675a, Vernon's Annotated Civil Statutes, places the duty of motor vehicle registration upon the State Highway Department. When the county tax collector acts, he acts only as agent of said Department. Article 6675a-2, supra, provides, in part:

". . . shall apply each year to the State Highway Department through the county tax collector. . . ."

Article 6675a-12, Vernon's Annotated Civil Statutes, provides, in part:

"The Department shall issue, or cause to be issued, to the owner of each vehicle registered under the provisions of this Act a license receipt which shall indicate. . ."

Article 6675a-13, Vernon's Annotated Civil Statutes, provides, in part:

"The Department shall issue or cause to be issued, one license number plate for each motor cycle, road tractor, trailer or semi-trailer, and two license number plates for any other vehicle registered under this Act. . . ."

The Act also provides for the application to be made to the county tax collector who is the only one authorized to receive the license fees provided in the Act.

It may be seen from the above quoted provisions of the Motor Vehicle Registration Act that the application

Honorable Julian Montgomery, Page 15

is made to the State Highway Department who is to issue
a license receipt and license plates. Nowhere in the Act
is it provided whose word is to be final in case of dis-
puted classification of vehicles. From the above quoted
statutes which place the duty on the State Highway Depart-
ment to receive the application and to issue the license
plates and the license receipts, we are of the opinion
that the State Highway Department is the proper authority
to determine disputed classification of vehicles. It is
evident throughout the Act that the tax collector is merely
acting as agent for the State Highway Department. Your
attention is further called to the fact that the only time
that it becomes necessary for the application to be sub-
mitted to the State Highway Department for said Department's
approval before license plates may be issued is in case of
vehicles which are the property of the United States Govern-
ment or the State of Texas or any county or city thereof.
Article 6675a-3aa so specifically provides.

While the Act taken as a whole probably contemplates
that the county tax collector is to issue the license re-
ceipt upon application received by him, the Act places the
duty of the enforcement of the same upon the State Highway
Department which Department should be the final authority
in the settlement of disputed classifications.

The authority discussed in connection with this
question is as between the State Highway Department and
the county tax collector. Nothing herein shall be construed as
prohibiting an appeal by a motor vehicle owner from a rul-
ing of the Highway Department to the courts of this State.

"10. What are the duties of this Depart-
ment in connection with furnishing license
plates and forms to counties when it is known
that such plates are to be issued in violation
of, or contrary to the provisions of the reg-
istration laws?"

We are unable to find any authority for the State
Highway Department to refuse to furnish forms and license
plates to any county based on a supposition that the tax
collector of that county will violate the provisions of the
Motor Vehicle Registration Law. We believe that the proper
procedure is for the State Highway Department to regulate
motor vehicle registration under the authority discussed

Honorable Julian Montgomery, Page 16

in connection with question No. 9 so as to prevent any violations of the law by its agents.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By      *Billy Goldberg*

Billy Goldberg
Assistant

BG:LM

APPROVED MAR 18, 1940

ATTORNEY GENERAL OF TEXAS

THIS OPINION
CONSIDERED AND
APPROVED IN
LIMITED
CONFERENCE