The opinion of the court was delivered by
Parlance, J.
The defendant, James Henry Jones, has been tried for murder, convicted and sentenced to death. He appeals. He has excepted as follows: to the refusal of the district judge to give certain charges to the trial jury; to the overruling of a motion for a new trial; to the refusal of the district judge to grant his counsel a delay to prepare a motion in arrest of judgment; and to an order which the district judge caused to be entered nunc pro tuno on the minutes of his court, showing that on a previous day the indictment had been amended on motion of the district attorney, by inserting therein the surname of the defendant. The defendant moved unavailingly in arrest of judgment. He has filed an assignment of errors in this court.
The indictment contains two counts. The first count reads as follows:
“ That one James Henry Jones and Albert Spencer, both of the parish of Iberia aforesaid, on the 2d day of the month of March, in the year 1892 of our Lord, with force and arms at the parish of Iberia aforesaid, in and upon one Chas. Deblanc, in the peace of the State then and there being unlawfully, wilfully, feloniously and of his malice aforethought did make an assault on him, the said Ohas. Deblanc, unlawfully, feloniously and of his malice aforethought did then and there kill and murder.”
The second count charges three certain other persons with having, before and after the committing of said crime, counseled, procured and commanded the two defendants named in the first count, to commit said crime.
It is firmly settled that malice aforethought must be specially charged in an indictment for murder. See Green’s case, 42 An. 644. In that ease this court sustained a motion in arrest of judgment be *1456 cause an indictment for murder charged malice aforesaid instead of malice aforethought. Ia Williams’ case, 37 An. 776, this court held that an indictment for'murder was fatally defective for omitting to charge that the murder was committed “ wilfully,” although it did charge that the defendant feloniously and of his malice aforethought killed and murdered the deceased.
“ In an indictment for murder it must be alleged that the offence was committed of the defendant’s malice aforethought, words which can not be supplied by the aid of any other.” Wharton, Or. PI. and Prac., Sec. 258.
The act of 1855 reduced the common law indictment for murder to a mere skeleton. It provided the simple requirement of charging “that the defendant did feloniously, wilfully and of his malice aforethought, kill and murder the deceased.” It would seem that even an extreme advocate of the simplification of criminal pleading would he satisfied, when comparing an indictment for murder as required by the common law with the requirement of the act of 1855. It is difficult to see how that act could have required less. This court has held that in prosecution for murder nothing less than the form of charge stated in the act of 1855 is sufficient.
It is elementary that an indictment must be clear and specific, that it must charge all the essentials of a crime, and that as to essentials nothing can be taken by intendment. This doctrine is applied with greater strictness in capital cases.
Does the indictment in the instant case charge distinctly that the defendant Jones did “ feloniously, wilfully and of his malice aforethought, kill and murder ” a human being?
The indictment charges that the defendant Jones and another person, in and upon one Ohas. Dablanc, “ unlawfully, wilfully'and of his malice aforethought, did make an assault on him, the said Chas. Deblanc, unlawfully, feloniously and of his malice aforethought, did then and there kill and murder.”
According to the rules of grammar the word his, in both of the instances in which it is used as above shown, would refer to the nearest antecedent, to-wit: the deceased. Even if we apply the principle “ that the relative must be referred to that antecedent to which the tenor of the instrument and the principles of law require that it should relate, whether exactly according to the rules of syntax or not,” we would still be confronted with a grave difficulty, *1457 since the words “ of his malice aforethought” would then relate not to one but to two persons apparently charged.
“By Hawkins it is deemed ‘that an indictment against two or more, laying the fact charged against them in the singular, is insufficient.’ ” Bishop, Cr. Pro., Vol. 1, Sec. 349.
Are we to say which of the two persons apparently charged with the murder acted of malice aforethought? Are we to hold that it was Jones who so acted and not his co-defendant? Besides, does the indictment state with the clearness required in a prosecution for a capital of-fence, who committed the murder? The pleader intended to charge an assault culminating in murder.
The assault is set out in the averment that Jones and Spencer “in and upon one Chas. Deblane * * * unlawfully, feloniously and of his malice aforethought, did make an assault on him, the said Chas. Deblane;” and the murder was intended to be charged by what follows immediately without any connecting link with the preceding language, to-wit: “unlawfully, feloniously and of his malice aforethought did then and there kill and murder.” This charge of murder is bad; first, because of the averment of malice in the singular; second, because of the omission of the word “wilfully;” and finally, because it seems that more clearness is required in charging who the perpetrators of a murder are, and in setting out who the victim was. However, the defect in charging malice is clearly sufficient to vitiate the indictment. It is fatally bad, and upon it capital punishment can not be lawfully inflicted.
We deem itunnecessary to pass upon defendant’s other complaints.
It is therefore ordered, adjudged and decreed that the verdict, sentence and judgment appealed from be and the same are hereby reversed, avoided and set aside; that this cause be remanded to the lower court, and that the defendant remain in custody to await the further orders or proceedings of the lower court.