FOURNET, Justice.
 

 This case is before us on an appeal taken by the State from the ruling of the lower court quashing the indictment on the joint motion of the defendants.
 

 The basis of the motion to quash, which was sustained by the lower court, is that the indictment against the two defendants stated the fact charged against them in the singular instead of in the plural. In the indictment it is charged that “one Wilhelm Pinsonat * * * and one John Beach, * * * did feloniously, wilfully, unlawfully and
 
 of his malice aforethought
 
 did kill and murder one J. Ubert Samson. * * * ” (Italics ours.)
 

 But it is the contention of the State that under the provisions of articles 235 and
 
 248
 
 of the Code of Criminal Procedure, it was only necessary to charge in the indictment that the defendants murdered the deceased; that the words “feloniously, wilfully, unlawfully and
 
 of his malice
 
 aforethought/’ were unnecessarily included in the indictment and should have been considered as surplusage by the court or else the court should have permitted the amendment of the indictment. (Italics ours.)
 

 Under the provisions of the Code of Criminal Procedure, the State may use the short form of indictment for murder therein prescribed, “but any other forms authorized by this or any other law of this State may also be used.” Article 235.
 

 We find in Marr’s Second Edition on Criminal Jurisprudence, vol. 1, § 38, p. 80, the following concise and clear statement of the law which was in effect at the time of the adoption of the Code of Criminal Procedure, to wit: “In an indictment for murder the pleader may use either the common law or the statutory form [State v. Robinson et al., 143 La. 543, 78 So. 933, 935], if he choose the latter the recitals of the statute [Rev.St. § 1048] that defendant ‘did feloniously, wilfully and of his malice aforethought kill and murder’ the deceased are sacramental [State v. James Henry Jones, 45 La.Ann. 1454, 14 So. 218; State v. Williams, 37 La.Ann. 776; State v. Augustin Robertson, 30 La.Ann. 340]; * * * and if two or more persons are jointly indicted for the same murder, they must be charged to have committed the crime of ‘their malice aforethought’ [State v. Johnson, 104 La. 417, 29 So. 24, 81 Am.St.Rep. 139],
 
 of ‘his malice
 
 aforethought’
 
 would he fatal error
 
 [State v. Lee, 46 La.Ann. 623, 15 So. 159; State v. Jones, supra];
 
 equally fatal
 
 is the substitution of ‘aforesaid’ for ‘aforethought’ [State v. Green, 42 La.Ann. 644, 7 So. 793], * * * or the omission of
 
 ‘malice aforethought’
 
 [State v. Thomas, 29 La.Ann. 601; State v. Heas, 10 La.Ann. 195]. * * * ” (Italics and brackets ours.)
 

 In the case of State v. Robinson et al., supra, the court stated: “The language of
 
 *337
 
 this statute [R.S. § 1048], ‘It shall be sufficient/ etc., cannot be construed into a prohibition to use the common-law form of indictment. The terms are permissive, not inhibitive. And it will be observed that, while there was reason to allow a short and simpler form to be used for convenience, and to do away with the technicalities of the common-law form of indictment, which were so many pitfalls in the path of the prosecution, there was no reason why the common-law form should be absolutely prohibited.” And the court also said: “What it [this court] has held is that the short form of indictment for murder which is provided for in section 1048, Rev.Stat., must be strictly adhered to, if used.
 
 Not that it must be used, but that if used it must be strictly adhered to;
 
 that the word ‘willfully’ contained in it cannot be left out. But
 
 the reason assigned for this is not that this word was essential at common law either in the definition of the crime or in the indictment; but that it is essential in this statutory form of indictment because the statute has made it so."
 
 (Italics and brackets ours.)
 

 It is our opinion, therefore, that the State in the case at bar, having elected to use the form of indictment which is provided for in section 1048 of the Revised Statutes, must not only strictly adhere to the provisions of the statute, but is also bound by the_ decision of this court affecting the same, and, consequently, the indictment against the defendants stating the fact charged against them in the singular instead of the plural is fatally defective and cannot be corrected by amendment.
 

 In the defendants’ motion to quash the indictment an additional reason is assigned in support thereof, that is, that the proceedings of the grand jury which indicted them were not held in secrecy as required by law. The trial judge did not pass upon this phase of the case, and the conclusions which we have already reached make it unnecessary for us to do so.
 

 For the reasons assigned, the ruling of the lower court is affirmed.
 

 HIGGINS, J., takes no part.