66 So.2d 802

**STATE v. SCOTT et al.**

No. 41292.

July 3, 1953.

Fred S. LeBlanc, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., and Melvin P. Barre, Dist. Atty., New Orleans, for appellant.

James P. Vial, Hahnville, for defendants-appellees.

McCALEB, Justice.

The State is appealing from a judgment quashing the indictment herein on joint motion of the defendants. The indictment is drawn under the short form provided by Article 235 of the Code of Criminal Procedure, LSA–R.S. 15:235, and charges "that one Joseph Scott and one Calvin Scott * * * murdered one Ivory Reed * * *".

The motion to quash is founded on the theory that the short forms may only be employed in prosecutions where there is one defendant and not two or more and it is further contended that the indictment does not follow the precise language of the prescribed form for murder in that the word "one" has been inserted before the

name of each defendant and that of the deceased.

 We find no merit in these complaints. The fact that the simplified forms provided by LSA–R.S. 15:235 are couched in language pertaining to a charge against a single defendant, or the minimum number of persons necessary to commit the particular crime (as in a conspiracy), does not warrant a resolution that it was ever contemplated that their use was to be thus restricted and that they were to be inapplicable in prosecutions where there were more than one offender charged as party defendant.

 The second ground upon which the motion is predicated is equally unimpressive. The prefix "one" before the name of the deceased and each defendant neither added to nor detracted from the indictment. It merely emphasized the singularity of the persons named and is not in anywise objectionable. While it is well settled that it is essential for the prosecution, when using the short forms, to adhere strictly thereto (State v. Robinson, 143 La. 543, 78 So. 933 and State v. Pinsonat, 188 La. 334, 177 So. 67), this does not mean that unnecessary words may not be included in the charge as long as they are not of such import as to be inconsistent therewith. In such instances, these words are viewed as surplusage and do not affect the validity of the indictment. LSA–R.S. 15:240;. State v. Capaci, 179 La. 462, 154 So. 419;.

State v. Daleo, 179 La. 516, 154 So. 437 and State v. Iseringhausen, 204 La. 593, 16 So. 2d 65.[1]

The judgment appealed from is reversed; the motion to quash the indictment is overruled and the case is remanded to the district court for further proceedings consistent with the views herein expressed.

66 So.2d 803

PEACE v. LOVE et al.

No. 41151.

July 3, 1953.

---

1. Compare State v. Pinsonat, 188 La. 334, 177 So. 67.