106 So.2d 443

STATE of Louisiana

v.

Calvin DURBIN.

No. 44058.

Nov. 10, 1958.

Holt & Holt, Alexandria, for appellant.

Jack P. F. Gremillion, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., F. Jean Pharis, Dist. Atty., Alexandria, for appellee.

McCALEB, Justice.

Calvin Durbin is appealing from his conviction of simple robbery, complaining solely of the overruling of his motion in arrest of judgment in which he claims that the bill of information filed against him is fatally defective.

The bill sets forth that Calvin Durbin and others " * * * did wilfully mali-

ciously and feloniously rob Amos Gwin". Appellant asserts that this charge does not comply with the short form provided for simple robbery in R.S. 15:235, and that the information is not otherwise sufficient to apprise him of the nature of the accusation as it does not contain all of the essentials of a valid charge of robbery as defined at common law.[1]

 We think the judge correctly overruled the motion in arrest. It is clear that the charge, that appellant did wilfully, etc., rob Amos Gwin, was intended to be drawn under the short form for simple robbery provided in R.S. 15:235, which is "A. B. robbed C. D.". The only variation between the charge as alleged and the short form is that the bill of information uses the words "wilfully maliciously and feloniously", which are to be considered as surplusage,[2] and employs the auxiliary verb "did" in connection with the verb "rob" to indicate past tense, whereas the form uses the past tense of the verb by adding the suffix "bed". This difference in verbiage is of no importance at all as "did rob" is identical in meaning with "robbed".

While it is true that this court has said, in State v. Robinson, 143 La. 543, 78 So. 933; State v. Pinsonat, 188 La. 334, 177 So. 67; State v. Scott, 223 La. 769, 66 So.2d 802 and other cases, that it is essential for the prosecution, when using the

1. For those elements see State v. England, 148 La. 178, 86 So. 728.

short form, to adhere strictly thereto, this rule does not require a literal tracking of the language of the short form. It suffices that the words used by the pleader unmistakably convey the same meaning as those contained in the short form.

In any case, even though a technical defect in the information were apparent, it would be one of form, of which appellant was required to make complaint in limine (see R.S. 15:284); a defect of form does not afford good ground for arresting judgment. R.S. 15:518.

The conviction and sentence are affirmed.

106 So.2d 445

CITY OF NEW ORLEANS

v.

DAVIS AVIATION, Inc.

No. 44166.

Nov. 10, 1958.

2. See State v. Scott, 223 La. 769, 66 So. 2d 802 and authorities there cited.