257 So.2d 406 (1972)
260 La. 784
STATE of Louisiana
v.
John THOMAS.
No. 51514.
Supreme Court of Louisiana.
January 17, 1972.
Rehearing Denied February 21, 1972.
*407 Lawson L. Swearingen, Jr., West Monroe, for defendant-appellant.
Jack P. F. Gremillion, Atty. Gen., Harry H. Howard, Asst. Atty. Gen., Robert W. Kostelka, Dist. Atty., Gilbert T. Brown, Jr., Asst. Dist. Atty., for plaintiff-appellee.
TATE, Justice.
The defendant was convicted of forgery, La.R.S. 14:72, and sentenced to six years in the penitentiary.
The defendant perfected no bills of exceptions. On his appeal, therefore, our review is limited to error discoverable from a review of the pleadings and proceedings (i. e., a review limited to errors patent on the face of the record). La.C. Cr.P. Art. 920; State v. Ash, 257 La. 337, 242 So.2d 535 (1971).
The defendant's court-appointed counsel urges three such patent errors as cause for reversal. The most serious is the contention that the (bill of) information is fatally defective on its face, because of its failure to set forth the facts which constitute the crime charged.
The defendant is charged with the crime of forgery, as defined by La.R.S. 14:72, which provides:
"Forgery is the false making or altering, with intent to defraud, of any signature to, or any part, of, any writing purporting to have legal efficacy.
"Issuing or transferring, with intent to defraud, a forged writing, known by the offender to be a forged writing, shall also constitute forgery."
Forgery is among those crimes for which a short-form indictment is authorized by La.C.Cr.P. Art. 465. Under this article the short-form prescribed for the crime of forgery reads: "A.B. forged a _________(promissory note, or other instrument) by ________ (state nature of defendant's act)."
In the present case, the (bill of) information attempting to use the short-form against the present defendant charged, pertinently, that he "forged a certain instrument purporting to be a check or order for the payment of money, to-wit: Dated 4-11, 1965, No. 295, drawn on the American *408 Bank and Trust Co. in Monroe, Monroe, Louisiana, payable to the order of John Thomas in the amount of Fifty-five and no/100 ($55.00) Dollars, and signed BILL'S AUTO & TRUCK SALES, W. A. Minor, contrary to the provisions of R.S. 14:72 * * *".
The defendant contends that this information does not comply with the requirements of the short-form indictment for forgery, in that it fails to "state nature of the defendant's act". He notes that the forgery may be committed in several ways (e. g., false signing, false altering, issuing a forged writing, transferring a forged writing); and he suggests that the present information simply charges him with "forging" a certain described instrument without describing how the crime was committed.[1] That is, he suggests that the wording of the indictment does not state the nature of the actfalse signing, issuing, etc., as required by the short form prescribed by Art. 465 above quoted.
As the defendant suggests, the more grammatically accurate interpretation of the wording of the present information is only that he forged a certain check, described by date, bank, amount, and further described as "signed BILL'S AUTO & TRUCK SALES, W. A. Minor".
On the other hand, although inartistically expressed, the wording of the indictment can be interpreted as averring that the defendant "forged [a described instrument] in the amount of Fifty-five and no/100 ($55.00) Dollars, and signed BILL'S AUTO & TRUCK SALES, W. A. Minor". That is, that the defendant Thomas "signed" a described check with a name not his own, i. e., falsely.
In short, the defendant contends that the phrasing "and signed BILL'S AUTO & TRUCK SALES, W. A. Minor" is merely a participial phrase describing the check; but this phrasing can also be regarded as a conjunctive clause (with the defendant Thomas as the subject of the verb "signed") describing the nature of the act i. e., that the defendant had forged the described instrument and signed "Bill's Auto & Truck Sales, W. A. Minor". On the face of the information, this charges a false making of a signature, since the defendant's name is John Thomas, not W. A. Minor.
We do not understand that, so construed, there is any contention that the information in question does not satisfy the requirements of the short form required by La.C.Cr.P. Art. 465 and of Article I, Section 10 of our Constitution. (Under this constitutional provision, "In all criminal prosecutions, the accused shall be informed of the nature and cause of the accusations against him * * *.")
The fundamental requirement is that the bill of information or indictment must contain all the essential elements of the crime intended to be charged in sufficient particularity (1) to enable the defendant to prepare for trial, as well as (2) to allow the court to determine the propriety of the evidence which is submitted upon the trial and to impose the correct punishment upon a verdict of guilty, and (3) to afford protection from subsequent prosecution for the same offense.[2] State v.
*409 Dozier, 258 La. 323, 246 So.2d 187 (1971); State v. Wright, 254 La. 521, 225 So.2d 201 (1969). State v. Straughan, 229 La. 1036, 87 So.2d 523 (1956). See also State v. Barksdale, 247 La. 198, 170 So.2d 374 (1964).
Tested by these requirements, the information (as construed by this court) is sufficient. If the defendant was in doubt that the information did not charge him with the false making of a signature to the check described, he could obtain relief by a motion for a bill of particulars. State v. Thompson, 228 La. 342, 82 So.2d 33 (1955).[3]
The grammatical inadvertence[4] of the prosecutor's legal or secretarial staff should not be the cause for reversal after conviction, where in fact the defendant (and the court) were informed by the information of the offense with which charged, including the nature of the act by which the offense was committedand where, if there was indeed doubt, it could have been resolved by a bill of particulars before trial.
The defendant additionally suggests as patent error that the prosecution was not timely instituted. The bill of information was filed on January 13, 1971, charging that the defendant committed the crime of forgery on April 11, 1965, five and one-half years earlier.
Under La.C.Cr.P.Art. 572(2) the prosecution for a felony not necessarily punishable by imprisonment at hard labor, such as forgery, must be brought within four years after the offense has been committed. The periods of limitation for institution of prosecution are interrupted when the defendant is, inter alia, outside the state (which the prosecution in brief suggests applies in the presence instanceas to which, however, there is no showing in the present record).
Under the 1966 Code of Criminal Procedure, "The State shall not be required to allege facts showing that the time limitation [for institution of a prosecution] has not expired * * *". Article 577. This overruled prior jurisprudence, under which the State was required to negative prescription. See Official Revision Comment (d) (1).
Thus, where the state does not negative prescription, by reason of Article 577 the failure to do so is not error patent on the face of the pleadingsi. e., error discoverable by a review of the pleadings and proceedings, La.C.Cr.P. Art. 920.[5] Jurisprudence *410 to the contrary, such as State v. Jones, 209 La. 394, 24 So.2d 627 (1945) cited to us by the defendant, has been overruled by the 1966 codification.
The final patent error alleged is that the minutes show that, on the date of sentencing, in "reply to interrogation by the court, defendant stated he wished to maintain his plea of guilty and was prepared to accept sentence". He contends these minutes are grossly erroneous, since he never entered a plea of guilty.
In the record before us, the minutes before us do not contain the language complained of.[6] However, even if the minutes did read as defendant states they do, we cannot find that such clerical or other error resulted in any prejudice to the defendant, where such alleged erroneous statement was made on April 22, 1971, immediately prior to sentencing, and long after the conviction by the jury by verdict of April 6.
For the foregoing reasons, we affirm the conviction and sentence appealed from.
Affirmed.
BARHAM, J., dissents joining in the reasons expressed in dissent by Summers, J.
SUMMERS, Justice (dissenting).
A bill of information was filed against defendant John Thomas charging that he:
. . .on or about the 11th day of the month of April Anno Domini, 1965, in the Parish and State aforesaid, forged a certain instrument purporting to be a check or order for the payment of money, to-wit: Dated 4-11, 1965, No. 295, drawn on the American Bank and Trust Co. in Monroe, Monroe, Louisiana, payable to the order of John Thomas in the amount of Fifty-five and no/100 ($55.00) Dollars, and signed BILL'S AUTO & TRUCK SALES, W. A. Minor, contrary to the provisions of R.S. 14:72.
Defendant was tried before a jury of five and convicted as charged. He was sentenced to serve six years at hard labor in the state penitentiary.
Three errors patent on the face of the record are relied upon to sustain this appeal and set aside the conviction and sentence. I find one of the contentions to be meritorious.
It is contended that the bill of information is fatally defective on its face for it fails to set forth facts which will support a conclusion that certain essential elements of the crime charged have been violated. Specifically, the contention is that the State has failed to allege, "that the defendant falsely made or altered a signature on the instrument, a part of the instrument or the entirety of the instrument." Furthermore, defendant argues that, "the State does not allege in the said bill that the defendant issued or transferred the instrument known by him to be a forged writing." Thus, the argument goes, "the State failed to state the nature of the defendant's act and thereby failed to set forth the facts which constitute each and every essential element of the crime of forgery." In essence, I understand the contention to be that because the Constitution requires all criminal prosecutions to "be by indictment or information," La.Const. art. 1 § 9, the defendant was not properly informed by the bill of information of the "nature and cause of the accusation against him" as the constitution demands. La.Const. art. 1 § 10.
Forgery is the false making or altering, with intent to defraud, of any signature to, or any part of, any writing purporting to have legal efficacy.

*411 Issuing or transferring, with intent to defraud, a forged writing, known by the offender to be a forged writing, shall also constitute forgery. (La.Crim.Code, art. 72)
As a general proposition, an indictment or information must state every fact and circumstance necessary to constitute the offense. State v. Chanet, 209 La. 410, 24 So.2d 670 (1946); State v. Toney, 205 La. 451, 17 So.2d 624 (1944). However, when the indictment or bill of information is drawn under the short form authorized by Article 465 of the Code of Criminal Procedure, the bill of particulars authorized by Article 484 of the Code of Criminal Procedure is available to supplement the information necessary to enable the defendant in fairness to properly prepare his defense; and, in some cases, the short form does not fully spell out the nature and cause of the accusation. Well understood words are used from which the nature and cause of the accusation is inferred.
The short form prescribed for the crime of forgery by Article 465 of the Code of Criminal Procedure reads: "ForgeryA. B. forged a ________ (promissory note, or other instrument) by ______ (state nature of defendant's act)."
Viewed in the light of this legislative standard, the bill of information fails to meet the test of validity. It only sets forth that "John Thomas . . . forged a certain instrument purporting to be a check or order for the payment of money . . . (here the check is described). . .contrary to the provisions of R.S. 14:72." The only relevant language eliminated from the bill of information in the above quotation is the description of the instrument forged: "to-wit: Dated 4-11, 1965, No. 295, drawn on the American Bank and Trust Co. in Monroe, Monroe, Louisiana, payable to the order of John Thomas in the amount of Fifty-five and no/100 ($55.00) Dollars, and signed BILL'S AUTO & TRUCK SALES, W. A. Minor." This description of the check is no more a statement that the accused "signed" the check than it is that he caused the check to be "drawn" or that he made it "payable". It is a description of the forged instrument, and the bill of information does not charge what the forgery consisted of.
Article 72 of the Criminal Code denounces forgery committed in two separate ways, either by "making or altering" the instrument or by "issuing or transferring" a forged writing. These are the ways in which forgery can be committed, and the bill does not inform on this crucial element. To simply conclude that a described instrument was forged does not satisfy the requirement of the short form that the bill set forth that John Thomas forged a described instrument "by" either altering, making, issuing or transferring. In other words, to satisfy the short form the bill must "state nature of defendant's act."
Without resorting to the technicalities of grammar to clarify the meaning of this bill, I suggest that the significant omission from the statutory short form is the word "by". As one of only four words prescribed for use in the short form, the word "by" is intended to introduce a statement of the nature of the defendant's act, in fact, what he did to violate the criminal laws of the state. The word "by" is the very essence of the short form without which the bill has no meaning in relation to the definition of the crime.
True, as the State contends, resort to a bill of particulars authorized by Article 484 of the Code of Criminal Procedure is available to the defendant when the short form is used to charge him. By a bill of particulars the defendant may obtain additional information which would enable him to more properly prepare his defense. This right, however, does not relieve the State of the obligation, when the short form is used, to comply strictly with the prescribed short form. La.Code Crim. Proc. art. 465. The bill of particulars is designed, in fairness, to permit the defendant *412 to more properly prepare his defense. It does not purport to remedy a defective bill of information. The constitution requires that the prosecution "shall be by indictment or information," La.Const. art. 1 § 9, and not by bill of particulars. Nor can a bill of particulars stand to satisfy the constitutional requirement that the accused be informed of the nature and cause of the accusation against him. La.Const. art. 1 § 10; State v. Straughan, 229 La. 1036, 87 So.2d 523 (1956).
Statement of additional facts pertaining to the offense charged is authorized by the last paragraph of Article 465 of the Code, but the Code does not authorize, and we have not held that, dispensing with the basic minimum statutory requirements of the short form is permissible. The rule repeatedly announced in the cases is that when the short form is utilized, the form set forth in Article 465 must be strictly complied with. State v. Scott, 223 La. 769, 66 So.2d 802 (1953); State v. Pinsonat, 188 La. 334, 177 So. 67 (1937); State v. Robinson, 143 La. 543, 78 So. 933 (1918). To the contrary, we have held that when words are substituted for those prescribed by the short form, the substituted language must "unmistakably" convey the same meaning. State v. Durbin, 235 La. 989, 106 So.2d 443 (1958).
I submit the omission of the word "by" and a "statement of the nature of defendant's act" makes the bill of information fatally defective, for by these significant omissions a "substantial violation . . . of a statutory right" occurs entitling defendant to a reversal on appeal of his conviction and sentence. La.Code Crim.Proc. art. 921.
The defect in this bill of information is not a mere defect of form; it is a defect of substance which renders the bill of information insufficient to serve as a basis for a valid prosecution. La.Code of Crim. Proc. art. 487.
More important is the failure of this bill of information to comply with the constitutional requirement that the defendant be informed of the nature and cause of the accusation against him. La.Const. art. 1 § 10.
Forgery is an offense which may be manifested in an unlimited variety of fact situations, not all of which have a well-understood meaning and scope. For this reason, some particularity in setting forth the nature of the act is necessary to properly inform the accused of the nature and cause of the accusation as the constitution requires. In this respect, the crime of forgery differs from such crimes as murder, State v. Eyer, 237 La. 45, 110 So.2d 521 (1959); aggravated rape, State v. Michel, 225 La. 1040, 74 So.2d 207 (1954); attempted murder, State v. Elias, 234 La. 1, 99 So.2d 1 (1958) and negligent homicide, State v. Coleman, 236 La. 629, 108 So.2d 534 (1959). See also State v. Barksdale, 247 La. 198, 170 So.2d 374 (1964). In these latter crimes the short form does not require more detail than that, for example, "A.B. murdered C.D." We have held that since these latter crimes have well-understood meaning and scope, the short forms adopted in Article 465 for them may suffice to inform the accused of the nature and cause of the accusation. But in crimes like forgery more is needed. The drafters of the Code of Criminal Procedure found the more complete short form for forgery quoted above necessary, as I do, to supply the information required to satisfy the constitutional mandate that the accused be properly informed.
In State v. Straughan, 229 La. 1036, 87 So.2d 523 (1956), an extended discussion appears of the protection the constitution demands for charging a citizen with crime. Article 465 of the Code has been drawn with particular attention to these constitutional safeguards. In the short form for forgery the minimum requisites to provide this constitutional protection have been set forth. To digress from these substantive requirements, as here, is fatal to the charge.
Defendant's contention that the State failed to allege either the "false making or *413 altering" or the "issuing or transferring", that is to say, the "nature of defendant's act" is a valid contention. It points out that the bill of information is defective in two respects: it neither complies strictly with the short form set forth in Article 465, nor does it satisfy the constitutional command that the accused be informed of the nature and cause of the accusation against him. La.Const. art. 1 § 10. Cf. State v. Kelley, 225 La. 495, 73 So.2d 437 (1954).
I respectfully dissent.
NOTES
[1] See La.C.Cr.P. Art. 480, which provides: "If an offense may be committed by doing one or more of several acts, or by one or more of several means, or with one or more of several intents, or with one or more of several results, two or more of such acts, means, intents, or results may be charged conjunctively in a single count of an indictment, or set forth conjunctively in a bill of particulars, and proof of any one of the acts, means, intents, or results so charged or set forth will support a conviction."
[2] In State v. Ward, 208 La. 56, 22 So.2d 740, 741 (1945), this court stated: "The test to determine the sufficiency of an indictment or information is three-fold:

"1. Is the indictment or information sufficient to inform the court what offense is being charged in order that the court might properly regulate the evidence sought to be introduced?
"2. Does the indictment or information inform the accused of the nature and cause of the offense with which he is being charged?
"3. Is the indictment sufficient on its face to support a plea of former jeopardy in event there is an attempt to try the defendant more than once for the same offense?"
[3] The full holding of the Thompson case is that a short-form indictment charging the defendant with forging a described instrument need not state the nature of the act, since the defendant could obtain this by a bill of particulars. This holding must, however, be viewed in the light of the then-statutory requirement for a short-form indictment for forgery, which only required a description of the instrument and did notas the 1966 Code Article 465 doesrequire the indictment to state the nature of the act. See La.R.S. 15:235, as amended by Act 118 of 1950.
[4] A more literal compliance with the short-form prescribed for forgery by La.C.Cr.P. Art. 465 would have been to charge that the defendant forged the described instrument "by signing it Bill's Auto & Truck Sales, W. A. Minor".
[5] Under Article 577, the issue of untimely prosecution may be raised at any time, but only once. It may even be raised by post-conviction writ of habeas corpus. La. C.Cr.P. Art. 362(7). If indeed the defendant has a basis on the merits for this contention, it may be asserted in post-conviction proceedings, preferably before his transfer to the penitentiary. Likewise, the State may wish to have the present record supplemented as to this issue, to forestall the inefficiency of judicial administration which results from later independent proceedings, when the reasons for any interruption are not as readily available and when it would be necessary to transport the prisoner back from the penitentiary.
[6] They state merely, that "in reply to interrogation by the Court the defendant stated he was prepared to accept sentence (see record of interrogation) * * *".