SUMMERS, Justice
(dissenting).
A bill of information was filed against defendant John Thomas charging that he:
. . . on or about the 11th day of the month of April Anno Domini, 1965, in the Parish and State aforesaid, forged a certain instrument purporting to be a check or order for the payment of money, to-wit: Dated 4 — 11, 1965, No. 295, drawn on the American Bank and Trust Co. in Monroe, Monroe, Louisiana, payable to the order of John Thomas in the amount of Fifty-five and no/100 ($55.00) Dollars, and signed BILL’S AUTO & TRUCK SALES, W. A. Minor, contrary to the provisions of R.S. 14:72.
Defendant was tried before a jury of five and convicted as charged. He was sentenced to serve six years at hard labor in the state penitentiary.
Three errors patent on the face of the record are relied upon to sustain this appeal and set aside the conviction and sentence. I find one of the contentions to be meritorious.
It is contended that the bill of information is fatally defective on its face for it fails to set forth facts which will support a conclusion that certain essential elements of the crime charged have been violated. Specifically, the contention is that the State has failed to allege, “that the defendant falsely made or altered a signature on the instrument, a part of the instrument or the entirety of the instrument.” Furthermore, defendant argues that, “the State does not allege in the said bill that the defendant issued or transferred the instrument known by him to be a forged writing.” Thus, the argument goes, “the State failed to state the nature of the defendant’s act and thereby failed to set forth the facts which constitute each and every es *797 .sential element of the crime of forgery.” In essence, I understand the contention to he that because the Constitution requires all criminal prosecutions to “be by indictment or information,” La.Const. art. 1 § 9, the defendant was not properly informed by the bill of information of the “nature and cause of the accusation against him” as the constitution demands. La.Const. art. 1 § 10.
Forgery is the false making or altering, with intent to defraud, of any signature to, or any part of, any writing purporting to have legal efficacy.
Issuing or transferring, with intent to defraud, a forged writing, known by the offender to be a forged writing, shall also constitute forgery. (La.Crim.Code, art. 72)
As a general proposition, an indictment or information must state every fact and circumstance necessary to constitute the offense. State v. Chanet, 209 La. 410, 24 So.2d 670 (1946); State v. Toney, 205 La. 451, 17 So.2d 624 (1944). However, when the indictment or bill of information is drawn under the short form authorized by Article 465 of the Code of Criminal Procedure, the bill of particulars authorized by Article 484 of the Code of Criminal Procedure is available to supplement the information necessary to enable the defendant in fairness to properly prepare his defense; and, in some cases, the short form does not fully spell out the nature and cause of the accusation. Well understood words are used from which the nature and cause of the accusation is inferred.
The short form prescribed for the crime of forgery by Article 465 of the Code of Criminal Procedure reads: “Forgery — A. B. forged a- (promissory note, or other instrument) by - (state nature of defendant’s act).” .
Viewed in the light of this legislative standard, the bill of information fails to meet the test of validity. It only sets forth that “John Thomas . . . forged a certain instrument purporting to be a check or order for the payment of money (here the check is described) . . . contrary to the provisions of R.S. 14:72.” The only relevant language eliminated from the bill of information in the above quotation is the description of the instrument forged: “to-wit: Dated 4-11, 1965, No. 295, drawn on the American Bank and Trust Co. in Monroe, Monroe, Louisiana, payable to the order of John Thomas in the amount of Fifty-five and no/100 ($55.00) Dollars, and signed BILL’S AUTO & TRUCK SALES, W. A. Minor.” This description of the check is no more a statement that the accused “signed” the check than it is that he caused the check to be “drawn” or that he made it “payable”. It is a description of the forged instrument, and the bill of informa *799 tion does not charge what the forgery consisted of.
Article 72 of the Criminal Code denounces forgery committed in two separate ways, either by “making or altering” the instrument or by “issuing or transferring” a forged writing. These are the ways in which forgery can be committed, and the bill does not inform on this crucial element. To simply conclude that a described instrument was forged does not satisfy the requirement of the short form that the bill set forth that John Thomas forged a described instrument “by” either altering, making, issuing or transferring. In other words, to satisfy the short form the bill must “state nature of defendant’s act.”
Without resorting to the technicalities of grammar to clarify the meaning of this bill, I suggest that the significant omission from the statutory short form is the word “by”.' As one of only four words prescribed for use in the short form, the word “by” is intended to introduce a statement of the nature of the defendant’s act, in fact, what he did to violate the criminal laws of the state. The word “by” is the very essence of the short form without which the bill has no meaning in relation to the definition of the crime.
True, as the State contends, resort to a bill of particulars authorized by Article 484 of the Code of Criminal Procedure is available to the defendant when the short form is used to charge him. By a bill of particulars the defendant may obtain additional information which would enable him to more properly prepare his defense. This right, however, does not relieve the State of the obligation, when the short form is used, to comply strictly with the prescribed short form. La.Code Crim. Proc. art. 465. The bill of particulars is designed, in fairness, to permit the defendant to more properly prepare his defense. It does not purport to remedy a defective bill of information. The constitution requires that the prosecution “shall be by indictment or information,” La.Const. art. 1 § 9, and not by bill of particulars. Nor can a bill of particulars stand to satisfy the constitutional requirement that the accused be informed of the nature and cause of the accusation against him. La.Const. art. 1 § 10; State v. Straughan, 229 La. 1036, 87 So.2d 523 (1956).
Statement of additional facts pertaining to the offense charged is authorized by the last paragraph of Article 465 of the Code, but the Code does not authorize, and we have not held that, dispensing with the basic minimum statutory requirements of the short form is permissible. The rule repeatedly announced in the cases is that when the short form is utilized, the form set forth in Article 465 must be strictly complied with. State v. Scott, 223 La. 769, 66 So.2d 802 (1953); State v. Pinsonat, 188 La. 334, 177 So. 67 (1937); State v. *801 Robinson, 143 La. 543, 78 So. 933 (1918). To the contrary, we have held that when words are substituted for those prescribed by the short form, the substituted language must “unmistakably” convey the same meaning. State v. Durbin, 235 La. 989, 106 So.2d 443 (1958).
I submit the omission of the word “by” and a “statement of the nature of defendant’s act” makes the bill of information fatally defective, for by these significant omissions a “substantial violation . of a statutory right” occurs entitling defendant to a reversal on appeal of his conviction and sentence. La.Code Crim.Proc. art. 921.
The defect in this bill of information is not a mere defect of form; it is a defect of substance which renders the bill of information insufficient to serve as a basis for a valid prosecution. La.Code of Crim. Proc. art. 487.
More important is the failure of this bill of information to comply with the constitutional requirement that the defendant be informed of the nature and cause of the accusation against him. La.Const. art. 1 § 10.
Forgery is an offense which may be manifested in an unlimited variety of fact situations, not all of which have a well-understood meaning and scope. For this reason, some particularity in setting forth the nature of the act is necessary to properly inform the accused of the nature and cause of the accusation as the constitution requires. In this respect, the crime of forgery differs from such crimes as murder, State v. Eyer, 237 La. 45, 110 So.2d 521 (1959); aggravated rape, State v. Michel, 225 La. 1040, 74 So.2d 207 (1954); attempted murder, State v. Elias, 234 La. 1, 99 So.2d 1 (1958) and negligent homicide, State v. Coleman, 236 La. 629, 108 So.2d 534 (1959). See also State v. Barksdale, 247 La. 198, 170 So.2d 374 (1964). In these latter crimes the short form does not require more detail than that, for example, “A.B. murdered C.D.” We have held that since these latter crimes have well-understood meaning and scope, the short forms adopted in Article 465 for them may suffice to inform the accused of the nature and cause of the accusation. But in crimes like forgery more is needed. The drafters of the Code of Criminal Procedure found the more complete short form for forgery quoted above necessary, as I do, to supply the information required to satisfy the constitutional mandate that the accused be properly informed.
In State v. Straughan, 229 La. 1036, 87 So.2d 523 (1956), an extended discussion appears of the protection the constitution demands for charging a citizen with crime. Article 465 of the Code has been drawn with particular attention to these constitutional safeguards. In the short form for forgery the minimum requisites to provide *803 this constitutional protection have been set forth. To digress from these substantive requirements, as here, is fatal to the charge.
Defendant’s contention that the State failed to allege either the “false making or altering” or the “issuing or transferring”, that is to say, the “nature of defendant’s act” is a valid contention. It points out that the bill of information is defective in two respects: it neither complies strictly with the short form set forth in Article 465, nor does it satisfy the constitutional command that the accused be informed of the nature and cause of the accusation against him. La.Const. art. 1 § 10. Cf. State v. Kelley, 225 La. 495, 73 So.2d 437 (1954).
I respectfully dissent.