HAMLIN, Chief Justice:
On October 26, 1972, 263 La. 231, 267 So.2d 726, we directed Certiorari to Honorable Field V. Gremillion, Judge of the Ninth Judicial District Court, Parish of Rapides, State of Louisiana, ordering him to transmit to this Court the record of the proceedings complained of by James I. Hoyt to the end that the validity of the proceedings might be ascertained. Thereafter, the record was lodged in this Court, and the matter was submitted without argument on January 19, 1973.
The records of the Ninth Judicial District Court, Parish of Rapides, State of Louisiana, contain a statement filed February 3, 1965, made in compliance with the provisions of Act 47 of 1942, which recites that defendant James I. Hoyt, Boyce, Louisiana, twenty-six years of age, was charged with four counts of forgery and entered a plea of guilty in each case and was sentenced in each case to serve four years at hard labor in the Louisiana State Penitentiary, said sentences to run consecutively. The statement of facts, incorporated in the statement, recites:
“This 26 old white male, was arrested on January 20, 1965, as an elopist from East Louisiana State Hospital. After investigation, it was determined that subject was not going to be returned to that institution.
“The subject forged the name of ‘J- Roy Hoyt,’ his father, to the following checks:
“1. check drawn on the Guaranty Bank & Trust Co. of Alexandria, La. payable to the order of James I. Hoyt in the sum of $40.00, dated January 18, 1965, and cashed at Leavins Grocery, Gardner, Louisiana.
“2. check drawn on Guaranty Bank & Trust Co. of Alexandria, La. signed J. Roy Hoyt, payable to the order of James I. Hoyt for the sum of $45.00, dated January 18, 1965, cashed by the subject at the Guaranty Bank & Trust Company.
“3. check drawn by J. Roy Hoyt on the Guaranty Bank & Trust Co. of Alexandria, Louisiana, payable to the order of James I. Hoyt in the sum of $25.00, dated December 20, 1964, cashed by the subject at Pearce Motor Company, Alexandria, Louisiana.
“4. check drawn by J. Roy Hoyt on the Guaranty Bank & Trust Co. of Alexandria, Louisiana, payable to the order of James I. Hoyt, in the sum of $25.00, dated December 21, 1964, and cashed by subject at the Guaranty Bank & Trust Company.
“On January 27, 1965, the accused appeared in Open Court without counsel after having been advised of his rights to the appointment of counsel and to a jury trial *530 and having declined the appointment of counsel and declined a jury trial the accused entered a plea of Guilty on the above charges and on January 29, 1965, received the above sentence after having appeared, again, in Open Court.
“ * * * ”
Substantiating the above statement are four bills of information filed against the defendant on January 27, 1965; attached to each bill of information is a pre-arraignment statement of the accused also dated January 27, 1965. These statements recite:
«* * *
“3. You are charged with ‘4 Chgs “Forgery” ’ Under Louisiana law this is a felony charge. If you plead guilty to these charges the Court is authorized to sentence you to serve at hard labor in the State Penitentiary for a term up to 10 years each charge. Do you fully understand this? ANSWER Yes.
“4. Do you have an attorney to represent you at this time? ANSWER No.
“5. Do you wish the Court to appoint an attorney to represent and assist you at this time? ANSWER No.
“6. Do you fully understand the possible consequences if you plead ‘Guilty’ to the abovementioned charges? ANSWER Yes.
“7. Do you wish to plead to the above-mentioned charges at this time ? ANSWER Yes.
“8. Has anyone threatened you or mistreated you in any way so as to induce you to enter a plea to the above charges? ANSWER No.
"Date 1-27-65
s/ “James I. Hoyt_ “(Signature of Accused)
“The foregoing colloquy took place in Open Court on the aforesaid date between the accused named above and the undersigned Assistant District Attorney in the presence of the undersigned Presiding Judge and Deputy Clerk of Court. The said accused then (signed) (* * *) the foregoing statement, same being done in the presence of the undersigned.
s/ “Walter M. Hunter_ “Presiding Judge
s,/ “Jules L. Davidson, Jr._ “Assistant District Attorney
s/ “Zetta R. Rogers_ “Deputy Clerk of Court”
On or about February 3, 1965, Hoyt was taken to the Louisiana State Penitentiary. He was thereafter paroled and still later apprehended in Texas. He is presently confined at the Federal Correctional Institution, Texarkana, Texas; he alleges that a Louisiana detainer is filed against him and has been in effect since November, 1970, the Louisiana probation having been revoked.
On November 17, 1971, Hoyt filed in the Ninth Judicial District Court, Parish of Rapides, State of Louisiana, a motion to vacate his plea of guilty and to vacate sentence. The motion was denied on December 15, 1971; the reasons for denial recite in part:
“*' * * The record reflects that Hoyt had a history of either insanity or incompetency. The commitment papers indicate that on or about February 3rd, 1965 Mr. Hoyt was taken to Louisiana State Penitentiary at Angola, Louisiana.
“This action was initiated by Mr. Hoyt while apparently he was incarcerated at some prison in Texarkana, Texas. The petition was subsequently supplemented by an application that this Court undertake a hearing of his motion in plenary form.
“While there may be some basis to entertain an application for habeas corpus on the basis of the allegations made in the motion, this Court cannot supply or amend the petition to conform to that sort of proceeding.
*531 “Under the laws of this State, this Court has no jurisdiction whatsoever and no power to entertain a motion to vacate a plea of guilty and to vacate a sentence once it has been imposed. Specifically the law prohibits a trial court from modifying any sentence earlier given and the only exception to this law would be under the general rules and power afforded through habeas corpus.”
After having been denied habeas corpus in the Federal District Court, Eastern District of Texas, Texarkana Division, Hoyt filed an application for Writ of Habeas Corpus in the Ninth Judicial District Court, Parish of Rapides, State of Louisiana, on May 1, 1972. The application was denied on June 30, 1972; the following reasons for denial were given by the district judge:
“This is an application by James I. Hoyt who is presently confined in the Federal Correctional Institution, Texarkana, Texas. It is termed ‘An Application for a Habeas Corpus’ and has been filed on several occasions which, for one reason or another, have been sent back to the applicant or denied.
“The applicant does not fall within the ambit of any statute known to this writer whereby a habeas corpus could be issued by this Court. His confinement has not resulted from any order or judgment of this Court and the application is accordingly denied.”
On September 26, 1972, Hoyt applied to this Court for a Writ of Habeas Corpus; his application was granted, and herein, he more or less reiterates the allegations made in the district court. He alleges in substance :
1.In 1965, he was addicted to alcohol and was suffering a form of insanity, delirium tremens. His actions were not those of a sane man; he was taking medication before and on the date of his plea of guilty as well as on the date of sentence. The medicine was administered by the jailer and prescribed by the coroner. He was AWOL from an alcoholic treatment center at the time the alleged offenses were committed.
2. He did not intelligently waive his right to counsel.
3. He entered pleas of guilty because of fear of remaining in jail for a length of time.
4. He was not presented with the in-formations filed against him prior to his entering the courtroom on January 27, 1965.
5. The informations were defective in that they did not inform him of the nature and cause of the accusations charged against him.
6. The pleas of guilty were involuntary because they were given through ignorance of law and certain rights.
7. He was not advised of certain defenses he could have raised.
8. He was deprived of due process in that he did not receive a fair and impartial trial.
As shown supra, defendant pleaded guilty, and his plea was accepted on January 27, 1965; the date was prior to the decision of Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1969), which held that only those defendants whose guilty pleas were accepted after April 2, 1969 were entitled to plead anew if their pleas were accepted without full compliance with Rule 11 of the Federal Rules of Criminal Procedure.
Defendant’s plea was also made prior to Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), which held that: “Several federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial. First, is the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment and applicable to the States by reason of the Fourteenth. Malloy v. Hogan, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653. Second, is the right to trial by jury. Duncan v. Louisiana, 391 *532 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491. Third, is the right to confront one’s accusers. Pointer v. Texas, 380 U.S. 400, 85 S. Ct. 1065, 13 L.Ed.2d 923. We cannot presume a waiver of these three important federal rights from a silent record.”
“A conviction after a plea of guilty normally rests on the defendant’s own admission in open court that he committed the acts with which he is charged. * * * That admission may not be compelled, and since the plea is also a waiver of trial— and unless the applicable law otherwise provides, a waiver of the right to contest the admissibility of any evidence the State might have offered against the defendant— it must be an intelligent act ‘done with sufficient awareness of the relevant circumstances and likely consequences.’ Brady v. United States, 397 U.S., [742] at 748, 90 S.Ct. [1463], at 1469, 25 L.Ed.2d 747.” McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970).
“ * * * Ordinarily, a judgment of conviction resting on a plea of guilty is justified by the defendant’s admission that he committed the crime charged against him and his consent that judgment be entered without a trial of any kind. The plea usually subsumes both elements, and justifiably so, even though there is no separate, express admission by the defendant that he committed the particular acts claimed to constitute the crime charged in the indictment. * * * ” North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).
The pre-arraignment statements, supra, which defendant made on January 27, 1965, explicitly recite that defendant fully understood the possible consequences if he pleaded “guilty” to the charges preferred against him. He said, on January 27, 1965, that he wished to plead to the charges filed on January 27, 1965, and that he had not been induced to enter a plea of guilty to the charges. Defendant specifically stated that he did not have an attorney representing him when he made the pre-arraignment statements, and that he did not wish the trial court to appoint an attorney to represent and assist him at that time.
In 1965, as shown supra by the rulings of the United States Supreme Court, a Louisiana trial judge did not have imposed upon him the same duties and responsibilities as he does today with respect to receiving a defendant’s plea of guilty. LSA-R.S. 15 :263 (1965) provided that the plea of guilty admitted guilt only in the manner and form charged in the indictment. Article 556 of the Code of Criminal Procedure, effective January 1, 1967, provides: “Where the defendant is not represented by counsel in a felony case, the court shall not accept a plea of guilty without first determining that the plea is made voluntarily with understanding of the nature of the charge.”
Today, the minutes of a trial court recite the fact that the trial judge instructed the defendant as to the seriousness of the plea of guilty, and that the plea was made with the full knowledge and understanding of its consequences. In 1965, the minutes of the trial court did not as a rule contain such entries.
The instant record as presented and submitted affirmatively states that defendant knew what he was doing on January 27, 1965; there are allegations with respect to a condition of alcoholism at that time, but there is no proof that defendant was under the influence of alcohol on January 27, 1965; there is no proof that defendant’s mental faculties were so impaired on January 27, 1965 that he did not know what he was doing on that date. We conclude that defendant intelligently waived his right to counsel, and that he entered pleas of guilty to the four charges of forgery voluntarily and not through ignorance of the law and certain rights.
A plea of guilty waives all defects prior to that plea except those jurisdictional defects which appear on the face of the pleadings and proceedings. State v. James, 260 La. 423, 256 So.2d 430 (1972); State v. *533 Jackson, 260 La. 21, 255 So.2d 60 (1971); State v. Coats, 260 La. 64, 255 So.2d 75 (1971).
Counsel for the defendant have raised many issues herein; however, the only serious contention raised which we feel deserves consideration under the law is the assertion of a constitutional violation of due process with respect to the bills of information filed against defendant.
Counsel urges that the bills of information are fatally defective on their faces as they fail to state the nature of Hoyt’s acts constituting forgery under the Criminal Code. They submit that the bills of information neither track the bare minimum statutory requirements nor essentially convey the same meanings; they argue that the constitutional requirement that an accused be informed of the nature and cause of the accusation against him was not met; they further urge that the bills of information should be found fatally defective and void and of no legal effect.
As stated supra, four bills of information were filed against the defendant on January 27, 1965. Each bill recites that on a certain date James I. Hoyt forged a certain instrument purporting to be a check (one bill recites draft) drawn by J. Roy Hoyt, on Guaranty Bank & Trust Co. of Alexandria, La., payable to the order of James I. Hoyt, in the sum of a certain amount and dated a certain date. See Statements of Facts supra.
LSA-R.S. 15:235, Criminal Procedure in effect in 1965, provided for the following short form of indictment with respect to forgery:
“A. B. forged a certain instrument purporting to be a promissory note (or describe instrument or give its tenor or substance).”
The instant bills of information informed the defendant of the date on which he allegedly committed forgery; they informed him as to the type of instrument allegedly forged; they informed him of the identity of the drawee bank; they informed him of the name of the drawer or the name of the person whose signature was allegedly forged; they informed him of the name of the payee' — himself; they informed him of the date of the instruments.
In State v. Thomas, 260 La. 784, 257 So.2d 406 (1972), we said: “The fundamental requirement is that the bill of information or indictment must contain all the essential elements of the crime intended to be charged in sufficient particularity (1) to enable the defendant to prepare for trial, as well as (2) to allow the court to determine the propriety of the evidence which is submitted upon the trial and to impose the correct punishment upon a verdict of guilty, and (3) to afford protection from subsequent prosecution for the same offense. * * * ”
Tested by the requirements of Thomas supra, we find that the instant bills of information were sufficient. Defendant did not desire counsel; he did not ask for deferment or continuance; he asked for no desired relief by motion for a bill of particulars. The bills of information met the prescriptions of LSA-R.S. 15:235 in all respects.
Since defendant chose to plead guilty, and we- have found supra that the plea was given voluntarily and intelligently, and he was accused under sufficient and legal bills of information, we conclude that he suffered neither violation of his constitutional rights nor deprivation of due process.
For the reasons assigned, the Writ of Certiorari herein issued is recalled; the Writ of Habeas Corpus is denied, and the judgment of the trial court is affirmed.
DIXON, J., dissents.