CARTER, C.J.
 

 |2The defendant, Jocobby Joseph Lee, was charged by grand jury indictment with two counts of first degree murder in violation of La. R.S. 14:30. After entering a plea of not guilty, the defendant filed a motion to quash the indictment. The trial court granted the motion to quash, and the State appeals. For the following reasons, we reverse the trial court’s judgment and remand for further proceedings.
 

 PROCEDURAL HISTORY
 

 On September 18, 2009, the grand jury returned an indictment in the case sub judice. The grand jury foreman indorsed the indictment “a true bill,” and the in-dorsement indicated an indictment for:
 

 CT. 1: FIRST DEGREE MURDER
 

 CT. 2: FIRST DEGREE MURDER
 

 The indictment further provides that on or about July 28, 2009, “with force and arms in the Parish of Terrebonne,” the defendant “did then and there unlawfully kill one, Michael D. Hebert, in violation of La. R.S. 14:30.” Count Two similarly provides that on the same date and in the same parish, the defendant “did then and there unlawfully kill one, Michael G. Herbert, in violation of La. R.S. 14:30.”
 

 The defendant, accompanied by counsel, was arraigned on September 18, 2009; the entire indictment was read in open court. The court asked, “In No. 556,154, Mr. Lee, you’re charged in Count 1 with first degree murder. How do you plead?” The defendant responded, “Not guilty.” The court then asked, “Count 2, first degree
 
 *212
 
 murder. How do you plead?” Again, the defendant responded, “Not guilty.”
 

 ^Numerous pre-trial defense motions, including the motion to quash, clearly state the defendant is charged with “two counts of First Degree Murder” and “subject to the death penalty.” Following a contradictory hearing, the trial court granted the defendant’s motion to quash the indictment. The trial court explained that it could not tell by the indictment “whether all of the elements of first degree murder have been considered by the grand jury.” The State appeals.
 

 ASSIGNMENTS OF ERROR NUMBERS ONE, TWO, AND THREE
 

 In the first assignment of error, the State argues that the trial court overstepped its authority in granting the defendant’s motion to quash on grounds not listed in the motion to quash. The State notes that in pretrial motions, the defendant objected to the use of short-form indictment in a capital case, arguing that the indictment failed to state the aggravating factors being used as elements of first degree murder. The State further notes that the defense conceded at the hearing that the Louisiana Supreme Court has rejected the argument that jurisprudence precludes the use of short-form indictments in capital cases. The State contends that there are no federal or state cases which hold that the short-form indictment is unconstitutional.
 

 In the second assignment of error, the State argues that the basis for the trial court’s ruling on the motion to quash was improper. The State contends that a mere glance at the indictment reveals the intended charges, and that there is no support for the trial court’s conclusion that the grand jury may have intended to indict the defendant for two counts of manslaughter. The State specifically notes that the front page of the indictment states two Rcounts of “First Degree Murder.” The State contends that while the short-form indictment must clearly inform the accused of the crime charged, it need not list all the elements of a particular crime or follow precise language.
 

 In the third assignment of error, the State alternatively argues that the trial court erred in refusing to allow the State to amend the indictment. The State argues that an amendment would have been lawful because the trial date had not yet been set. The State further argues that an amendment would not have prejudiced the defendant because the indictment clearly reveals that the charges were first degree murder.
 

 DISCUSSION
 

 The motion to quash filed by the defendant herein complains that the indictment provides no information about which aggravating factor under La. R.S. 14:80 supports the charges or which aggravating circumstances under La.Code Crim. P. art. 905.4 make the charges capital crimes. The motion further notes that the constitutional validity of Louisiana’s short-form indictments in capital cases has been called into question. The motion contends that the Due Process Clause of the Fourteenth Amendment to the United States Constitution and La. Const, art. 1, § 15 secure the defendant the fundamental right to have a grand jury consider and return a finding concerning each and every element of the capital crime with which he is charged. While conceding that the Louisiana Supreme Court has approved the use of short-form indictments even in capital prosecutions, the motion argues that the practice is dubious and trivializes the historic right to grand Injury indictment because the short-form indictment does not list essential elements of the charged crime.
 

 
 *213
 
 At the hearing on the motion to quash, the trial court noted that the jurisprudence is straightforward in holding that the use of short-form indictments is valid and that the defendant can obtain aggravating factors through the bill of particulars. The trial court, however, concluded that pursuant to La.Code Crim. P. art. 465 A(31), the short-form indictment used herein is problematic since it does not include the language provided for first degree murder (“A.B. committed first degree murder of C.D.”) and instead incorporates the language provided for manslaughter (“A.B. unlawfully killed C.D.”) in subsection S3. In finding the State’s request to amend the indictment improper, the trial court contended that to return a valid indictment the grand jury must pass upon each element of the offense, and the court could not determine whether that was done in this case based on the indictment. The State argued that the particular language in the instant short-form indictment was not raised in the motion to quash, only the issue of whether the use of a short-form indictment to charge a capital offense was proper. The defense conceded that its argument as to whether the State could use a short-form indictment was unsuccessful, but disagreed with the State’s limited view of the issue raised in the motion to quash. The defense argued that from the indictment it was uncertain whether the grand jury considered manslaughter or first degree murder charges. The defense and trial court agreed that the only remedy was to go back to the grand jury to secure a new indictment.
 

 |6When a trial court rules on a motion to quash, factual and credibility determinations should not be reversed in the absence of a clear abuse of the trial court’s discretion.
 
 See State v. Odom,
 
 02-2698 (La.App. 1 Cir. 6/27/03), 861 So.2d 187, 191,
 
 writ denied,
 
 03-2142 (La.10/17/03), 855 So.2d 766. However, a trial court’s legal findings are subject to a de novo standard of review.
 
 See State v. Smith,
 
 99-2094, 99-2015, 99-2019, 99-0606 (La.7/6/00), 766 So.2d 501, 504. In this case the trial court’s ruling on the motion to quash is based on a legal finding and is, therefore, subject to de novo review.
 

 An accused shall be informed of the nature and cause of the accusation against him. La. Const, art. I, § 13. That requirement is implemented by La.Code Crim. P. art. 464, which provides:
 

 The indictment shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged. It shall state for each count the official or customary citation of the statute which the defendant is alleged to have violated. Error in the citation or its omission shall not be ground for dismissal of the indictment or for reversal of a conviction if the error or omission did not mislead the defendant to his prejudice.
 

 Louisiana Code of Criminal Procedure article 465 authorizes the use of specific short-form indictments in charging certain offenses, including first degree murder. The constitutionality of short-form indictments has been consistently upheld in capital cases.
 
 State v. Liner,
 
 373 So.2d 121, 122-23 (La.1979) (per curiam).
 
 See State v. Baylis,
 
 388 So.2d 713, 718-19 (La.1980). When those forms are used, it is intended that a defendant may procure details as to the statutory method by which he committed the offense through a bill of particulars.
 
 Baylis,
 
 388 So.2d at 719;
 
 State v. Johnson,
 
 365 So.2d 1267, 1270-71 (La.1978); La.Code Crim. P. art. 465, Official Revision Comment (b).
 

 In accordance with the law provided above and as conceded by the parties herein, it is well settled that the use of the short-form indictment provided by law
 
 *214
 
 complies with the constitutional requirement of La. Const, art. I, § 13. In addition, the specific language of the short-form indictment used herein is squarely at issue. Thus, the State’s first assignment of error is without merit as we disagree with the contention that the specific language in the short-form indictment was not raised by the motion to quash. Although the supreme court has held that it is essential for the prosecution, when using the short form, to adhere strictly thereto, this rule does not require a literal tracking of the language of the short form.
 
 State v. Durbin,
 
 235 La. 989, 991-92, 106 So.2d 443, 444 (1958). It suffices that the words used by the pleader unmistakably convey the same meaning as those contained in the short form.
 
 Durbin,
 
 235 La. at 992, 106 So.2d at 444.
 

 Herein, the indictment includes the language “unlawfully kill ... in violation of La. R.S. 14:30.” Said language, which broadly encompasses first degree murder, and the inclusion of the statutory citation for first degree murder, unmistakably conveys the charges returned in this case. The indorsement of the foreman of the grand jury setting out the charges of first degree murder for which a true bill was found is as much a part of the indictment as the remainder of the document. An indictment is a written accusation of crime by a grand jury. It must be concurred in by not less than nine of the grand jurors, indorsed a true bill, and the indorsement must be signed by the foreman. La.Code Crim. P. art. 383. Clearly, by this |sauthority, the indorsement is an essential part of any indictment. The indorsement alone is insufficient to ascertain the crime with which a defendant is charged; it is not a substantive part of the charge.
 
 See State v. Birabent,
 
 305 So.2d 448, 451 (La.1974),
 
 cert. denied,
 
 423 U.S. 825, 96 S.Ct. 39, 46 L.Ed.2d 41 (1975). It is reasonable to conclude, therefore, that to ascertain the true meaning of an indictment, the whole of the document, including the indorsement, must be considered. It is upon this rationale that the Louisiana Supreme Court decided
 
 State v. Cooper,
 
 249 La. 654, 658-59, 190 So.2d 86, 88 (1966) (overruled on other grounds in
 
 State v. Lee,
 
 331 So.2d 455, 460 (La.1975)), and permitted reference to the indorsement to clarify the meaning of the indictment. There the Supreme Court said that a fair reading of the whole document, including the indorsement, properly informed the accused of the crime he was charged with violating.
 
 Cooper,
 
 249 La. at 659, 190 So.2d at 88;
 
 cf. State v. Stoma,
 
 199 La. 529, 535-36, 6 So.2d 650, 652-53 (1941) (citing
 
 State v. Morrison,
 
 30 La.Ann. 817 (1878)).
 

 Reading the indictment as a whole in the instant case, we find that the indictment complies with the constitutional requirement that the defendant be informed of the nature and cause of the accusation against him. La. Const, art. I, § 13. Based on the foregoing, we find merit in the second assignment of error as the trial court erred in granting the motion to quash herein and said ruling must be reversed.
 

 Moreover, in accordance with Louisiana Code of Criminal Procedure article 487, the district attorney has complete authority to amend indictments, both as to form and substance, at any time before trial. As the defendant was properly informed of the charges, pretrial amendment of the | ¡¡indictment would not be prejudicial to him. Thus, the third assignment of error also has merit as it is clear that the State had authority to amend the indictment.
 

 For the above reasons, we reverse the trial court’s ruling quashing the indictment
 
 *215
 
 and remand this matter for further proceedings.
 

 JUDGMENT GRANTING MOTION TO QUASH REVERSED; REMANDED FOR FURTHER PROCEEDINGS.